UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC COVINGTON, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | No. 1:15-cv-00899-JMS-DKL |
| ) | |
| MEIJER STORES, LLP, PACIFIC CYCLE, INC., ) | |
| AND APOLLO RETAIL SPECIALISTS, LLC, ) | |
| ) | |
| *Defendants*, ) | |

## ORDER

On September 21, 2015, Plaintiff Eric Covington, filed an Amended Complaint adding Apollo Retail Specialists, LLC ("Apollo") as a Defendant in this action. [Filing No. 30.] Mr. Covington alleged that Apollo—an unincorporated entity—was a citizen of North Carolina and Florida, based on the alleged citizenship of its members. [Filing No. 30.] The Court ordered the parties to file a joint jurisdictional statement after various defendants did not admit those allegations in their answers. [Filing No. 43.]

On November 20, 2015, Apollo requested a second extension of time to comply with the Court's jurisdictional order because "[f]urther investigation since the filing of the first extension has revealed multiple layers of partnerships and LLCs that will require further investigation." [Filing No. 61 at 1.] That extension was granted, but the parties were warned that further extensions should not be anticipated. [Filing No. 62.] Despite the requested extensions and significant subsequent involvement by the Magistrate Judge on this issue, Apollo's citizenship remains unclear although more than six months have passed since it was added as a party to this litigation. Most recently, the Magistrate Judge held a status conference on this issue and ordered

1

Apollo to file an updated status report within seven days of the entry from that conference. [Filing No. 93.] Apollo failed to do so.

"[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme." *Guar. Nat. Title Co. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996). There are two options when the parties cannot establish diversity jurisdiction: "to dismiss immediately for lack of jurisdiction [or] to call for yet another round of jurisdictional filings." *Id.* When parties have had multiple opportunities and still cannot establish that diversity jurisdiction exists, that "supports an inference that jurisdiction is absent" and "[a]t some point the train of opportunities ends." *Id.* Even if the parties ultimately can establish that diversity jurisdiction exists, the Court still can order monetary sanctions for violations of the Court's rules and jurisdictional orders. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 535 (7th Cir. 2007) ("As for this case, we order Guardsmark to pay the court $1,000 as a sanction for violations of this court's rules and orders as described above.").

While the Court recognizes that Apollo is the party that has not complied with the Court's orders to establish its own citizenship to date, it remains Mr. Covington's burden to show that the Court has diversity jurisdiction because it was Mr. Covington who added Apollo as a party to this action and represented that diversity jurisdiction exists. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009) ("party seeking to invoke federal jurisdiction bears the burden of demonstrating that the requirements for diversity are met").

The Court will give the parties one last chance to establish that diversity jurisdiction is present, if they do not the case may be remanded. No extension of the deadlines set forth below should be anticipated. The Court hereby **ORDERS** as follows:

- Discovery in this action is open and any party may serve interrogatories and requests for production on Apollo regarding its citizenship. Discovery must be served with enough time to account for other deadlines in this Order, Apollo's 30 days to respond, and any subsequent motion to compel the parties may need to file;

- Within **90 days** of the date of this Order, the parties must file a **joint jurisdictional statement** specifically setting forth the citizenship of each party to this action and whether all parties agree that the amount in controversy, exclusive of interest and costs, is at least $75,000;

- If the Court is not satisfied based on the parties' joint jurisdictional statement that it has diversity jurisdiction over this action, it will be remanded to state court and the Court may order monetary sanctions;

- Within **7 days** of the date of this Order, Apollo is ordered to **show cause** why it did not file a status report as ordered by the Magistrate Judge, [Filing No. 93], and why it should not be sanctioned for its failure to provide the evidence of its citizenship as previously ordered by the Court.

Date: March 29, 2016

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Eric A. Riegner
FROST BROWN TODD LLC
eriegner@fbtlaw.com

Jordan Keith Baker
FROST BROWN TODD LLC
jbaker@fbtlaw.com

John W. Mervilde
MEILS THOMPSON DIETZ & BERISH
jmervilde@meilsattorney.com

Rick D. Meils
MEILS THOMPSON DIETZ & BERISH
rmeils@meilsattorney.com

William M. Berish
MEILS THOMPSON DIETZ & BERISH
wberish@meilsattorney.com

William W. Hurst
MITCHELL HURST DICK & MCNELIS LLC
whurst@mhdmlaw.com

Alexander Jesus Limontes
MITCHELL, HURST, DICK & MCNELIS
alimontes@mhdmlaw.com

Reid A. Nahmias
MITCHELL, HURST, DICK & MCNELIS
rnahmias@mhdmlaw.com